UNITED STATES, Appellee

v

ALVIN W. HENRY, Private,
U. S. Army, Appellant

22 USCMA 328, 46 CMR 328

No. 26,037

June 8, 1973

Captain J. Vincent Aprile, II, argued the cause for Appellant, Accused. With him on the brief were Colonel Arnold I. Melnick and Captain John D. Lanoue.

Captain Richard A. Karre argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Richard L. Menson, and Captain Glenn R. Bonard.

## Opinion

QUINN, Judge:

A military judge sitting as a general court-martial convicted the accused of a lengthy period of unauthorized absence, and sentenced him to a bad-conduct discharge, confinement at hard labor for 8 months, and accessory forfeitures. The accused contends the judge erred in admitting evidence of a previous conviction by special court-martial at which he was represented by counsel who was not a professional lawyer. See Manual for Courts-Martial, United States, 1951, paragraph 6c.

In light of the United States Supreme Court's reexamination of the constitutional right to counsel in Argersinger v Hamlin, 407 US 25 (1972), we reexamined the qualifications for appointed counsel for special courts-

martial. United States v Alderman, 22 USCMA 298, 46 CMR 298 (1973). We reaffirmed the legality of appointment as defense counsel for special courts-martial of persons possessed of the qualifications prescribed therefor by Congress, although they are not professionally trained lawyers. As it is not contended that defense counsel at accused's previous court-martial lacked the prescribed qualifications, evidence of that conviction was properly admitted. United States v Alderman, supra. The decision of the Court of Military Review, therefore, is affirmed.

DARDEN, Chief Judge (concurring):

I concur in the result for the reasons set forth in my separate opinion in United States v Alderman, 22 USCMA 298, 46 CMR 298 (1973).

DUNCAN, Judge (dissenting):

Having reached the conclusion that the constitutional standards set forth in Argersinger v Hamlin, 407 US 25 (1972), impact upon the system of military justice,[1] I cannot agree that evidence of appellant's previous conviction and sentence to confinement by special court-martial where he was not represented by a lawyer is valid and admissible against him in the case under review.

Looking to *Argersinger*, I am unable to interpret the result in any fashion other than that the Sixth Amendment requires representation by a lawyer, or a non-lawyer acting under the supervision of a lawyer, when a sentence to confinement follows conviction. Apparently the Government also agrees, for in its brief it is stated, "Appellant is probably correct insofar as he asserts that by 'counsel' the Court, in *Argersinger*, meant 'lawyer.'"

Although the other members of the Court do not share the view I now express, I would think it undeniable that there is a vast difference in the type of representation received from one trained and qualified as a lawyer and one without those attributes. A special court-martial, even more so than a summary court-martial, is both procedurally and substantially a formal trial court where the rules of evidence and many constitutional limitations are applicable. Therefore, an accused's fate before that tribunal may be importantly effected by whether he is represented by a lawyer or a non-lawyer. I imagine that there are some non-lawyers who have somehow achieved a high degree of trial expertise, and therefore can adequately represent one accused of crime. However, that is a poor basis for allowing non-lawyers to practice law. Predictably those who have received formal legal training and are required to observe high ethical standards and who, *as officers of the court*, have as their paramount obligation public service are those recognized by the framers of our constitution suited to afford the assistance of counsel for his defense. The Supreme Court in Gideon v Wainwright, 372 US 335 (1963), required representation by a lawyer unless there is an intelligent and voluntary waiver; so does *Argersinger*.

At the time of appellant's special court-martial, July 2, 1969, by implication, Congress authorized the detail of persons for special court-martial who were not lawyers.[2] I find no mention in the Code or Manual of any specific qualifications for such persons other than they must be commissioned officers not disqualified by reason of prior participation in the same case.[3] Therefore, I cannot find evidence that Congress intended, at minimum, that non-lawyers representing those accused at special courts-martial should have any qualifications necessary to practice law.

Law students in many jurisdictions have been authorized to practice law under supervision of someone authorized to practice. The *Argersinger* court spoke of approval of such practice. I see no reason why some type of limited *and* supervised practice of law could not be maintained in military justice in certain instances.

The rule of Argersinger v Hamlin, supra, has changed the range of the constitutional right to representation by counsel by extending the right to all where following conviction the accused is sentenced to confinement. When this Court decided United States v Culp, 14 USCMA 199, 33 CMR 411 (1963), the dramatic constitutional message of *Argersinger* had not been received. In my view, based upon *Argersinger*, any conviction by special court-martial where there was a sentence to confinement and the accused was not represented by a lawyer and

---

[1] See my separate opinion in United States v Alderman, 22 USCMA 298, 46 CMR 298 (1973).

[2] Article 27(c), Uniform Code of Military Justice, ch 169, § 1, 64 Stat 117 (1950), *as amended,* 10 USC § 827 (1970).

[3] Paragraph 6c, Manual for Courts-Martial, United States, 1969 (Revised edition).

did not waive that right, is invalid. Therefore, I would find it necessary that *Culp* be overruled.

I would hold the accused's previous conviction by special court-martial inadmissible consistent with my reasoning in United States v Alderman, supra, and return the record to the Court of Military Review for reassessment of sentence.